District Judge — Nomination — Residency Article VII, Section 8(g) Oklahoma Constitution, when construed together with 20 O.S. 92el [20-92el] (1961) requires that the vacancy in the Pawnee County nominating district of Judicial District No. 14 be filled by appointment of a person who is a legal resident of Pawnee County and an elector of Judicial District No. 14. The legal requirements for one to be a legal resident of a county within the meaning of 20 O.S. 92el [20-92el] (1961) are that such person must reside in the county and intend to remain there. A person can become a legal resident of a county by removing himself to such county with the present intention of indefinitely remaining there. The Attorney General has considered your letters of August 7, 1969, wherein you, in effect, ask the following question: Does Article VII, Section 8(g) Oklahoma Constitution construed together with 20 O.S. 92el [20-92el] (1961) require that the vacancy in the Pawnee County nomination district of Judicial District No. 14 be filled by appointment of a person who is a legal resident of Pawnee County, and if so, what legal requirements must be met for one to be a resident within the meaning of Section 92el, supra? Title 20 O.S. 92el [20-92el] (1961) provides in part as follows: "Judicial District Number Fourteen (14) comprised of Pawnee and Tulsa Counties shall have four (4) judges, one (1) of whom shall be a legal resident of and nominated from Pawnee County and three (3) of whom shall be legal residents of and nominated from Tulsa County. Each of said judges shall be elected at large; . . . ." It is clear that Section 92el, supra, requires that a District Judge appointed in Pawnee County be a legal resident thereof. We find no constitutional provision or statute which repeals this requirement. Article VII, Section 8, subdivision (g), Oklahoma Constitution, states as follows: "(g) Each District Judge shall have had prior to election or appointment, a minimum of four years' experience as a licensed practicing attorney, or as a judge of a court of record, or both, within the State of Oklahoma; shall be a qualified elector of the respective district; and shall have such additional qualifications as may be prescribed by statute. . . ." It is noted that subdivision (g), supra, requires that a District Judge prior to election, or appointment, be a qualified elector of the district, and have such other qualifications as may be prescribed by statute. We find no provision requiring that he be an elector of the county. It is, therefore, the opinion of the Attorney General, in answer to the first part of your question, that Article VII, Section 8(g) Oklahoma Constitution, when construed together with 20 O.S. 92el [20-92el] (1961), requires that the vacancy in the Pawnee County nominating district of Judicial District No. 14 be filled by appointment of a person who is a legal resident of Pawnee County and an elector of Judicial District No. 14. In answer to the second part of your question regarding what legal requirements must be met for one to be a resident within the meaning of Section 92el, supra, you are advised that Volume 29 C.J.S. Elections, Section 19, at pages 69 and 70, provides as follows: "The term `residence' or `reside,' as used in constitutional and statutory provisions relating to the qualifications of electors, ordinarily is synonymous with home or domicile, denoting a permanent home or dwelling place, to which the party when absent intends to return, a place where a "man establishes his abode" makes the seat of his property, and exercises his civil and political rights. . . ." In Richardson, et al. v. Gregg, et al., 144 Okl. 102,290 P. 190, the Court in the second paragraph of the syllabus stated: "While there is no absolute criterion by which to determine one's place of residence, but each case must depend upon its particular facts and circumstances, yet three rules seem to be reasonably established: (1) That a man must have a residence somewhere; (2) that when once established it is presumed to continue until a new one is established; and (3) that a man can have but one domicile of citizenship at a time." The Supreme Court of the United States in speaking of domicile in Mitchen v. U.S., 88 U.S. 350, 353, 22 L.Ed. 584, said: "A domicile once acquired is presumed to continue until it is shown to have been changed. Where a change of domicile is alleged, the burden of proving it rests upon the person making the allegation. To constitute the new domicile, two things are indispensible: First, residence in the new location; and, Second, the intention to remain there. The change cannot be made, except facto et animo. Both are alike necessary. Either without the other is insufficient. Mere absence from a fixed home, however long continued, cannot work the change. There must be the animus to change the prior domicile for another. Until the new one is acquired, the old one remains." Article III, Section 1 Oklahoma Constitution, defines an elector of this state. It is noted that the term "legal resident" and the term "elector" are not synonymous. Had the Legislature intended to use the term "elector" instead of "legal resident" in Section 92el, supra, it is presumed that it would have done so. Since subsection (g), supra, requires that a District Judge only be an elector of the district and since Section 92el, supra, requires that the judge be a legal resident of Pawnee County, it appears then that if the judge meets these two requirements, in addition to the other requirements imposed by law, he is eligible for election or appointment to the office. It is, therefore, the opinion of the Attorney General in answer to the second E part of your question that the legal requirements for one to be a legal resident of a county within the meaning of Section 92el, supra, are that such person must reside in the county and intend to remain there. The only way a person not a legal resident of a county can become a legal resident thereof is by removing himself to such county with the present intention to indefinitely remain there. Even then, as stated in Richardson v. Gregg, supra, there is no absolute criterion by which to determine one's place of residence. (W. Howard O'Bryan Jr.)